Shelley **HNOT**, et al., Plaintiffs,

v.

**WILLIS GROUP HOLDINGS LTD.,
Willis North America Inc., et
al., Defendants.**

**No. 01 Civ. 6558(GEL).**

United States District Court,
S.D. New York.

March 8, 2007.

Linda P. Nussbaum, Joseph M. Sellers, Christine Webber, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., New York City, Martin R. Lee, Avi Lew, Warshaw Burstein Cohen

Schlesinger & Kuh, LLP, New York City, for Plaintiffs.

Bettina B. Plevan, Myron D. Rumeld, Proskauer Rose, LLP, New York City, for Defendants.

## OPINION AND ORDER

LYNCH, District Judge.

On March 18, 2005, the Court granted plaintiffs' motion for class certification. *Hnot v. Willis Group Holdings Ltd.*, 228 F.R.D. 476 (S.D.N.Y.2005). Defendants now move for reconsideration of that Order and decertification of the class. Defendants argue that, in light of the Second Circuit's decision in *In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24 (2d Cir.2006), plaintiffs fail to satisfy the commonality standard of Rule 23(a), or, alternatively, that class certification is inappropriate under Rule 23(b)(2). Defendants' motion will be denied.

## BACKGROUND

Plaintiffs Shelly Hnot and Heidi Scheller ("plaintiffs") brought suit in 2001 on behalf of a class of high-level female employees at Willis Group Holdings Ltd. and affiliated entities ("defendants"), alleging illegal employment discrimination on the basis of sex. Details of the dispute can be found in previous decisions of the Court. *See id; see also Hnot v. Willis Group Holdings Ltd.*, 01 Civ. 6558(GEL), 2006 WL 3476746 (S.D.N.Y. Nov. 30, 2006); *Hnot v. Willis Group Holdings Ltd.*, 01 Civ. 6558(GEL), 2006 WL 2381869 (S.D.N.Y. Aug. 17, 2006); *Hnot v. Willis Group Holdings Ltd.*, 01 Civ. 6558(GEL), 2006 WL 2079326 (S.D.N.Y. July 24, 2006); *Hnot v. Willis Group Holdings Ltd.*, 01 Civ. 6558(GEL), 2005 WL 831665 (S.D.N.Y. April 8, 2005); *Hnot v. Willis Group Holdings Ltd.*, 01 Civ. 6558(GEL), 2005 WL 831664 (S.D.N.Y. April 8, 2005); *Hnot v. Willis Group Holding Ltd.*, 01 Civ. 6558(GEL), 2004 WL 1794493 (S.D.N.Y. Aug. 10, 2004). The present Opinion recites only certain details relating to class certification which are material to the instant motion.

Plaintiffs moved pursuant to Federal Rule of Civil Procedure 23 for certification of a class of current and past female officers, and female employees eligible to receive officer titles. The Court began by noting that "[p]laintiffs have the burden of establishing that the class satisfies all requirements." *Hnot*, 228 F.R.D. at 480; *see id.* ("To obtain class certification, plaintiffs must demonstrate that the class meets the express requirements of Rule 23(a), known as numerosity, commonality, typicality, and adequacy, and of one of the subsections of Rule 23(b)."). The Court found that, although district courts must conduct a "rigorous analysis" of the Rule 23 requirements, "courts are *not* required to make a preliminary inquiry into the merits of a case in order to determine whether it may be maintained as a class action." *Id.* (emphasis in original), citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) and *Caridad v. Metro–North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir.1999). The Court also found that, according to *Caridad*, "[w]hile a court may rely on both anecdotal and statistical evidence in the form of expert opinions, documents, affidavits, or uncontested allegations of the complaint, it should not weigh competing evidence at this stage of litigation." *Id.*, citing *Caridad*, 191 F.3d at 292.

Defendants opposed class certification, arguing, *inter alia*, that plaintiffs failed to meet the commonality requirement of Rule 23(a). In response, plaintiffs argued that "a common policy of vesting regional and local officers with unfettered discretion in making promotion and compensation decisions, result[ed] in discrimination against women in high level positions." *Id.* at 479. Both plaintiffs and defendants submitted expert reports in support of their arguments. *Id.* at 483.

*Caridad* notwithstanding, the Court considered both plaintiffs' and defendants' evidence, including both parties' expert reports, as they pertained to the Rule 23(a) commonality requirement. *Id.* at 482–84. The Court found that, despite defendants' argument that plaintiffs' statistical evidence was "flawed," plaintiffs' expert report "properly considered the relevant factors to meet commonality." *Id.* at 484. The Court also rejected defendants' evidence, including defendants' expert report, as insufficient to render

plaintiffs' expert report unpersuasive or inadmissible. *Id.* at 483–84. Ultimately, the Court found that plaintiffs' evidence was "certainly adequate to establish that whether or not Willis's promotion and compensation policies subject class members to discrimination is an issue common to all class members." *Id.* at 483.

Thus, the Court found that plaintiffs had satisfied the commonality requirement of Rule 23(a). *Id.* at 484. In finding that plaintiffs had satisfied the commonality requirement, the Court relied in part on the Second Circuit's decision in *Caridad.* Specifically, the Court noted that its decision was in accordance with the holding of *Caridad* that a "challenge [to] the subjective components of company-wide employment practices does not bar a finding of commonality under either the disparate treatment or disparate impact model." *Id.* at 482 (internal quotation marks omitted), citing *Caridad,* 191 F.3d at 292.

After finding that plaintiffs had met the remaining requirements of Rule 23(a), *id.* 485–86, the Court considered whether plaintiffs had also satisfied Rule 23(b)(2), which requires that "the defendant 'has acted or refused to act on grounds generally applicable to the class,' thus making final injunctive or declaratory relief appropriate for the class." *Id.* at 486, citing Fed.R.Civ.P. 23(b)(2). The Court found that, because "declaratory, injunctive, and equitable relief predominate[d]" among plaintiffs' claims, plaintiffs had satisfied Rule 23(b)(2). *Id.* Thus, with all of Rule 23's requirements met, the Court granted plaintiffs' motion for class certification. *Id.* at 486–87.

In *In re Initial Pub. Offering Sec. Litig.,* 471 F.3d 24 (2d Cir.2006) (*"In re IPO"*), the Second Circuit revisited, and reversed in part, its decision in *Caridad.* The Circuit rejected the holding in *Caridad* that permitted courts to certify a class based on "some showing" of compliance with the Rule 23 requirements. *Id.* at 41. Instead, the Circuit held that, in order to certify a class, "the district judge must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." *Id.* In addition, the Circuit held that, to determine that Rule 23 requirements have been met, the judge must "resolve[ ] factual disputes" related to each requirement, even if there is an "overlap" between a Rule 23 requirement and a "merits issue." *Id.* However, the *In re IPO* court cautioned against conflating the Rule 23 determination with an assessment of the merits "unrelated to a Rule 23 requirement," and stated that "a district judge has ample discretion to circumscribe both the extent of discovery concerning Rule 23 requirements and the extent of a hearing to determine whether such requirements are met." *Id.* The *In re IPO* court did not revisit or reverse that part of the *Caridad* decision that held that the commonality requirement may be satisfied in a challenge to subjective employment practices.

On January 12, 2007, defendants filed a motion to vacate the class certification order in light of the newly articulated standards for class certification established in *In re IPO.* The motion was fully briefed as of February 12, 2007.

## DISCUSSION

### I. *Standard For Reconsideration*

■ Reconsideration and modification of an interlocutory order is appropriate when "it is consonant with justice to do so." *United States v. LoRusso,* 695 F.2d 45, 53 (2d Cir.1982) ("Until there is a final judgment in a case, an interlocutory ruling generally remains subject to reconsideration or modification."). An interlocutory order may be reconsidered when there is "an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice." *State v. Almy Bros., Inc.,* 90 Civ. 818, 1998 WL 185541, at *1 (N.D.N.Y. April 15, 1998), citing *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992). However, the burden is on the movant for reconsideration to "specifically identify" any matter which "would have materially altered the prior ruling." *Id.*

■ Class certification orders under Rule 23 are subject to reconsideration and modification. Although "[d]istrict judges have broad discretion over class definition[,]

... courts are required to reassess their class rulings as the case develops." *Boucher v. Syracuse Univ.,* 164 F.3d 113, 118 (2d Cir.1999) (internal quotation marks omitted), citing Fed.R.Civ.P. 23(c)(1). *See also In re Agent Orange Prod. Liab. Litig.,* 818 F.2d 145, 176 (2d Cir.1987) ("The court may reconsider [its decision to certify a class], by decertifying, modifying the definition of the class, or creating subclasses in the light of future developments in the case."). Reconsideration of class certification is warranted if there is a showing of a "significant intervening event" or "compelling reasons" that could render the requirements of Rule 23 no longer satisfied. *Doe v. Karadzic,* 192 F.R.D. 133, 136–37 (S.D.N.Y.2000) (citations and internal quotation marks omitted). *See Sirota v. Solitron Devices, Inc.,* 673 F.2d 566, 572 (2d Cir.1982) ("[A] district court may decertify a class if it appears that the requirements of Rule 23 are not in fact met."); *see also Monaco v. Stone,* 187 F.R.D. 50, 59 (E.D.N.Y.1999) ("A class may be decertified if later events demonstrate that the reasons for granting class certification no longer exist or never existed."); *cf. Gordon v. Hunt,* 117 F.R.D. 58, 61 (S.D.N.Y.1987) (finding that a class action defendant "bear[s] a heavy burden to prove the necessity of . . . the drastic step of decertification"). In light of the Second Circuit's recent changes to the Rule 23(a) standards, the Court finds reconsideration of the class certification order warranted in this case.

## II. *In re IPO Changes to Rule 23(a) Standards*

Defendants argue that *In re IPO* "fundamentally changes the manner in which the district courts in this Circuit are expected to apply the class certification criteria." (Def.Mem.4.) Therefore, defendants argue that the Court must reexamine whether plaintiffs have satisfied the commonality requirement of Rule 23(a) within the dictates of *In re IPO.* While the Court agrees that *In re IPO* significantly altered the Rule 23 standards in this Circuit, the class certification order in this case already adheres to the standards established by *In re IPO.* Therefore, defendants' motion to vacate the class certification order will be denied.

The Court interprets *In re IPO* on an essentially blank slate—few courts have yet had the opportunity to analyze the holdings of that case, and no court has undertaken a detailed examination of the case. *See, e.g., Iglesias–Mendoza v. La Belle Farm, Inc.,* 06 Civ. 1756, 2006 WL 3634567 (S.D.N.Y. Dec. 7, 2006) (ordering further discovery to "uncover any disputed issues of fact" that may be relevant to class certification). However, the Court need not engage in complex legal analysis to determine that its class certification order fully complied with the dictates of *In re IPO.*

■ As an initial matter, in granting class certification the Court carefully avoided applying the "some showing" standard from *Caridad* that was specifically disavowed by *In re IPO.* On the contrary, the Court recognized that it must conduct a " 'rigorous analysis' of the Rule 23 requirements, which may require the court to probe behind the pleadings." *Hnot,* 228 F.R.D. at 480, citing *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). While the Court noted that it was not required "to make a preliminary inquiry into the merits of a case in order to determine whether it may be maintained as a class action," *id.,* that ruling, firmly grounded in the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), remains good law. *In re IPO* did not, nor could it, overrule *Eisen*— it only clarified the Second Circuit's interpretation of that decision.

Nevertheless, it is clear that it is not merely the words used by courts to describe the class certification inquiry, but the actions taken during that inquiry, that must satisfy the new Rule 23 standards. In addition, the Court employed some language from *Caridad* that was abandoned by *In re IPO.* See 228 F.R.D. at 480 ("[A] court . . . should not weigh competing evidence at this stage of litigation," citing *Caridad,* 191 F.3d at 292). Therefore, the Court must analyze its own findings, to decide whether they fit within the spirit, as well as the literal language, of *In re IPO.*

■ The Court finds that its class certification order fits comfortably within the new teachings of the Court of Appeals. *In re IPO* rejected the somewhat lenient "some showing" language of *Caridad* in favor of a more stringent set of standards: (1) a district judge may certify a class action only after making a determination that each Rule 23 requirement has been met; (2) a district judge must resolve factual disputes relevant to a particular Rule 23 requirement, regardless of whether the dispute overlaps with or is identical to a merits issue; and (3) a district judge has "ample discretion" to decide the extent of hearings and discovery conducted pursuant to a Rule 23 determination in order to prevent the determination from becoming an assessment of the merits. *In re IPO*, 471 F.3d at 41. Thus, the holdings of *In re IPO* are both significant and narrow—a district judge must consider all of the relevant evidence in determining whether Rule 23 has been satisfied, but a district judge may not go beyond the boundaries of Rule 23 when making such a determination.

Defendants do not dispute that the Court determined that plaintiffs met each of the Rule 23 requirements, thereby satisfying the first prong of the *In re IPO* test. However, defendants argue that the Court failed to consider countervailing evidence presented by defendants in determining that plaintiffs had satisfied the commonality requirement of Rule 23(a), which requires a showing that common issues of fact or law affect all class members.[1] *See Hnot*, 228 F.R.D. at 482, citing *Robinson v. Metro–North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir.2001). Thus, defendants argue that the Court's analysis did not meet the second prong of *In re IPO*.

Defendants misunderstand the second prong, and unduly discount the importance of the third prong, of *In re IPO*. The Court has already scrutinized the evidence presented

by both parties and found that "the class at issue here demonstrates ... commonality." *Id.* The Court considered, and cited to, evidence presented by defendants, *id.*, and to the extent that defendants raised any factual disputes, the Court found that defendants' position *actually supported* a finding of commonality. *Id.* ("[I]f it is true, as defendants contend, that salary increases, bonus decisions, and officer appointments were subject to review and oversight by human resources and a top level officer, then this too would sustain a finding of common practice.") (citation omitted).[2]

Defendants argue that the language employed by the Court in making its commonality determination reflects the Court's failure to apply the standards articulated by *In re IPO*. However, defendants select bits and pieces of language in attempting to create a conflict where none exists. In doing so, they press well beyond the actual limits of *In re IPO*. Although this Court did indeed state that "class plaintiffs need not demonstrate at this stage that they will prevail on the merits," 228 F.R.D. at 483, this statement was not disavowed by *In re IPO*. Rather, *In re IPO* specifically cautions *against* deciding the merits at the certification stage, unless such a decision is coextensive with a Rule 23 determination. In addition, although this Court cited *Caridad* for the proposition that " 'statistical dueling' is not relevant to the certification determination," *id.*, *In re IPO* did *not* reject this proposition wholesale. Instead, it used this language as an example of the conflicting messages sent by the Circuit that district courts had been forced to reconcile. *In re IPO*, 471 F.3d at 37 ("[The Second Circuit's decision in] *Visa Check* also stated that a district judge ... may not ... engage in statistical dueling of experts, *without clarifying whether the district judge should refrain from resolving a merits dis-*

---

1. Defendants do not dispute that plaintiffs properly satisfied the remaining requirements of Rule 23(a), notwithstanding the newly articulated standards of *In re IPO*.

2. Moreover, although defendants do not challenge the Court's findings with respect to the other Rule 23(a) requirements, it is noteworthy that, when considering each requirement, the

Court considered defendants' arguments and evidence. *See, e.g., id.* at 13–14 (considering, and rejecting, defendants' arguments against typicality). The Court did not simply rely on plaintiffs' presenting "some showing" of satisfaction of Rule 23. Instead, the Court consistently considered both parties' evidence and arguments throughout the class certification order.

*pute or a dispute about a class certification requirement.").* Thus, the Circuit did not reject this language, as defendants assert; instead, in light of *In re IPO*, an accurate statement of the law is that "statistical dueling" is not relevant to the certification stage *unless such dueling presents "a valid basis for denying class certification." Id.* at 35, citing *Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 433, 440 (S.D.N.Y.1995). This Court's ruling was fully consistent with this approach: the Court considered the "statistical dueling" presented by defendants' expert report as far as it pertained to the commonality requirement of Rule 23(a), but no further, exactly as authorized by *In re IPO*.

Notwithstanding the conflicting messages of *Caridad* as to whether the Court was even required to consider defendants' objections to plaintiffs' expert report, the Court, out of an abundance of caution, considered—in detail—defendants' main argument against commonality, that plaintiffs' statistical evidence was "flawed." *Hnot*, 228 F.R.D. at 483. The Court rejected defendants' argument, finding that "plaintiffs' report … properly considered the relevant factors to commonality." *Id.* at 484. The Court's rejection of defendants' argument against plaintiffs' expert report stands unaffected by *In re IPO*, because it fully complied with the holding of that case.

■ Contrary to defendants' assertions, *In re IPO* does not stand for the proposition that the Court should, or is even authorized to, determine which of the parties' expert reports is more persuasive. Defendants ignore the fact that *In re IPO specifically rejected* this interpretation of Rule 23. Instead, *In re IPO* reiterated that "experts' disagreement *on the merits*—whether a discriminatory impact [can] be shown—[is] *not a valid basis* for denying class certification." *In re IPO*, 471 F.3d at 35 (emphasis supplied), citing *Krueger*, 163 F.R.D. at 440. Thus, the Court may only examine the expert reports as far as they bear on the Rule 23 determination.

In this case, plaintiffs and defendants disagree on whose statistical findings and observations are more credible, but this disagreement is relevant only to the merits of plaintiffs' claim—whether plaintiffs actually suffered disparate treatment—and not to whether plaintiffs have asserted common *questions* of law or fact. By asking the Court to decide which expert report is more credible, defendants are requesting that the Court look beyond the Rule 23 requirements and decide the issue on the merits, a practice *In re IPO* specifically cautions against. Thus, the Court's rejection of defendants' objections to plaintiffs' expert report was unaffected by *In re IPO*.

■ Defendants also argue that, because the Court relied on *Caridad* to find that "plaintiffs' argument and evidence … *may* support a finding of commonality," the Court must reexamine its findings. (Def. Mem. 10 (emphasis in original), citing *Hnot*, 228 F.R.D. at 482.) Defendants misread the Court's statement. The Court was not expressing a doubt about whether plaintiffs' evidence actually supports a finding of commonality, but merely noting that the type of evidence submitted may, as a matter of substantive discrimination law, be used to make such a finding. And indeed it may. *Caridad* held, in part, that class challenges to subjective employment practices, like other disparate treatment and disparate impact claims, may satisfy the commonality requirement. 191 F.3d at 292 ("[T]he fact that the Class Plaintiffs challenge the subjective components of company-wide employment practices does not bar a finding of commonality under either the disparate treatment or disparate impact model."). *In re IPO* did not even address this aspect of *Caridad*. *In re IPO* limited its holding to a consideration of the Rule 23 standards established by *Caridad*; it did not question *Caridad's* holding that statistical evidence can demonstrate commonality in a challenge to subjective employment practices, which remains controlling authority.

■ In deciding that the class certification order complied with *In re IPO*, it is important to note that disparate impact cases present unique difficulties in analyzing the commonality requirement of Rule 23(a). Plaintiffs in disparate impact cases often rely on statistical evidence to prove the merits of

their claim. *See Hnot,* 228 F.R.D. at 483 ("[P]laintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group.") (internal quotation marks omitted), citing *Watson v. Fort Worth Bank and Trust,* 487 U.S. 977, 994–95, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988). In such a case, however, the same evidence must be considered to determine whether a plaintiff has satisfied the commonality requirement. *In re IPO* makes it clear that this overlap does not preclude a court from considering such evidence, or resolving disputes with respect to that evidence. But a line may be drawn, even in a case such as this in which the merits and the Rule 23(a) commonality determination significantly overlap. Commonality requires that plaintiffs present common *questions* of fact or law; plaintiffs' ultimate success at trial on the merits requires an *answer* to that question, specifically that defendants actually did discriminate against plaintiffs.

The Court found that plaintiffs had satisfied the commonality requirement because there were common *questions* of fact or law that affected the entire class. The Court did not, nor does *In re IPO* require it to, *answer* those questions, except to extent that the questions are pertinent to the Rule 23(a) requirement. For the Court to decide which expert report was more persuasive would be to decide whether the class was actually discriminated against by defendants. This the Court was not required to do, either before or after, *In re IPO.* Therefore, defendants' motion to vacate the class certification order is denied.[3]

### III. *Rule 23(b) Standards*

Defendants also ask the Court to reconsider its decision that plaintiffs satisfied the requirements of Rule 23(b)(2). Defendants argue that *In re IPO* requires that the Court reexamine its Rule 23(b)(2) ruling "with greater scrutiny" of the evidence, or alternatively, that the Court-imposed limitations on the class period bar the applicability of injunctive relief under 23(b)(2). Defendants' arguments are specious at best.

*In re IPO* is entirely inapposite to the Court's determination under Rule 23(b)(2). Rule 23(b)(2) requires that the defendant "has acted or refused to act on grounds generally applicable to the class," thus mak-

---

**3.** The *In re IPO* court was not faced with a similarly difficult commonality analysis. Plaintiffs in that case claimed that defendants had misrepresented the market and led plaintiffs to rely on such misrepresentations, thereby violating the Securities Act and Securities Exchange Act. *In re IPO,* 471 F.3d at 27–28. Plaintiffs "recognize[d] that establishing reliance individually by members of the class would defeat" the commonality requirement. *Id.* at 42. To satisfy the commonality requirement, plaintiffs instead relied on a "fraud-on-the-market" theory. *Id.* However, the court found that, due to the vagaries of the IPO market, this theory was not available to plaintiffs. *Id.* at 42–43. Thus, the court's determination was not contingent on statistical analysis—instead, the court found that because the fraud-on-the-market theory could not be applied to plaintiffs' claims, plaintiffs failed to satisfy the commonality requirement.

This case presents a very different situation. As a matter of law, *Caridad* established that challenges to subjective employment practices may be actionable as disparate impact or disparate treatment claims. Thus, the Court's determination is necessarily contingent on applying established law to the facts of this case. *In re IPO* recognized that such a mixed determination is inherent to Rule 23 determinations: "[I]n mak-

ing ... [a class certification] ruling, the judge often resolves underlying factual disputes, and, as to these disputes, the judge must be persuaded that the fact at issue has been established." *Id.* at 40. But different claims present different fact/law inquiries; the more a commonality determination is based on matters of law, the less likely a court will be called on to resolve a factual dispute.

The dispute in *In re IPO* was, for the most part, a dispute over interpretation of the fraud-on-the-market theory; in-depth analysis of the facts of plaintiffs' claims was unnecessary for the commonality determination. However, the dispute in this case is purely factual—there is no question that plaintiffs' have a viable class claim as a matter of law, as determined by *Caridad.* This case requires the Court to narrow the issue presented by the commonality inquiry, to take into account only such evidence as is required to determine whether plaintiffs satisfied the commonality requirement, without overstepping its authority, at this stage of the litigation, into a merits inquiry. Thus, the "fact at issue" here is whether plaintiffs have presented common questions of fact or law. Defendants' evidence has not undermined the Court's conclusion that plaintiffs have established that those questions are common to all class members.

ing final injunctive or declaratory relief appropriate for the class. *Hnot,* 228 F.R.D. at 486, citing Fed.R.Civ.P. 23(b)(2). To the extent that *In re IPO* requires the Court to consider all of the requirements of Rule 23 before certifying the class, the Court clearly satisfied that requirement. To the extent that *In re IPO* requires the Court to resolve disputes in its Rule 23 determination even if such disputes overlap with a merits issue, the 23(b)(2) determination did not require any such determination. It only required that the Court find that, if plaintiffs succeed at trial, they "will be entitled to the injunctive and declaratory relief that they seek." *Id.,* citing *Latino Officers Ass'n City of New York v. City of New York,* 209 F.R.D. 79, 92 (S.D.N.Y.2002). The Court found that plaintiffs' request for declaratory, injunctive, and equitable relief "predominate[d]" among the remedies which they sought. *Id.* Thus, plaintiffs satisfied Rule 23(b)(2).

■ Defendants boldly attempt to inject an *In re IPO*-type dispute into the mix by arguing that, because the Court has limited plaintiffs' class to persons employed by defendants between 1998 and 2001, "there is no basis for awarding any injunctive or declaratory relief for practices that are now over five years old." (Def.Mem.23.) Injunctive relief is unavailable if there is no reasonable expectation that the conduct will recur, *United States v. W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953), or interim events have "completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979).

Even if the Court found that *In re IPO* and the intervening class determination represent "compelling reasons" for reconsideration of the Court's Rule 23(b)(2) determination, defendants have presented no evidence that defendants' conduct has changed, or that defendants will not "renew" such conduct in the future. *Bundy v. Jackson,* 641 F.2d 934, 947 n. 13 (D.C.Cir.1981); *see id.* ("[A] suit for injunctive relief does not become moot simply because the offending party has

ceased the offending conduct, since the offending party might be free otherwise to renew that conduct once the court denied the relief."), citing *Allee v. Medrano,* 416 U.S. 802, 810–11, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974). Without such evidence, the Court has no basis on which to determine that injunctive relief could not be ordered in this case.

Moreover, defendants conveniently ignore the fact that this case was filed *in 2001.* Plaintiffs did not sit on their claim for five years—it has been pending the entire time, and much of the delay has been the result of defendants' (perfectly legitimate) legal maneuvering. Nor is this a case in which the plaintiff has tried to prove discrimination to the present day, but succeeded only in proving discrimination in the past. The record here is silent on defendants' discriminatory or non-discriminatory conduct over the last few years principally because defendants successfully resisted expanding plaintiffs' access to discovery and efforts to broaden the class, and not because there is any reason to believe that defendants have changed their employment practices since the action was filed. There is no reason why plaintiffs cannot receive injunctive relief if they succeed in proving at trial that defendants did discriminate against them, and did so right up to the date on which the action was filed (and indeed beyond, up to the last day for which data was provided in discovery).

## CONCLUSION

Plaintiffs' class was properly certified under Rule 23. Accordingly, defendants' motion to vacate the class certification order is denied.[4]

SO ORDERED.

---

4. In their reply to defendants' motion, plaintiffs include a request that the Court authorize a class

notice, provide an opportunity for class members to opt-out, and certify plaintiffs' claim for puni-

tive and compensatory damages. (Pl.Mem.37–39.) However, this Opinion is limited to reconsideration of the class certification order, and plaintiffs have not moved for reconsideration of their request. In any case, plaintiffs point to no intervening authority and present no compelling reasons for the Court to reconsider plaintiffs' request. Therefore, plaintiffs' request is denied.